The Court on Tom Hartzell, on behalf of Samuel Navarro. Could you keep your voice up? Should I try to repeat myself? Just keep it up, okay? Yes, Your Honor. Go ahead. DeKalb took a close call and made it an easy decision. The Arizona burglary statute for which Navarro was convicted prior to his being removed from the United States is clearly an overbroad statute. DeKalb tells us to differentiate between divisible statutes and those that are merely overbroad and to apply the Taylor-Shepard modified categorical approach only when a statute is, in fact, divisible. DeKalb further goes on to define divisible as a statute in which a prosecutor must necessarily plead a particular element in the indictment and for which a jury must necessarily find a particular element, that element being one that would satisfy, in this case, the generic definition of burglary as a necessary crime of violence under the Sentencing Guideline 2L1.2. Roberts, So why don't we just turn to the statute that's at issue here? The statute says the crime of burglary and, well, burglary, I have what, I have the jury instruction here. Well, how about just the statute? It says a person commits burglary in the second degree by entering or remaining unlawfully in or on a residential structure with the intent to commit any theft or any felony therein. Well, there's several. Now, we know, we know that the statute, that the statutes also define a structure as both movable and unmovable, correct? It does. And for that reason, we have said that that statute is categorically, it's not categorically a crime of violence. Correct. And it also, the definition section, ARS Section 13-1501, also defines a residential structure as being permanent or temporary. I mean, this is an incredible list of things that could qualify, including a tent. So the question is, is it divisible, right? That's the question. And I So why don't you get to that? It's not divisible, because in the indictment, in this case, the prosecution merely alleged that on or about the 26th day of April, 2004, Samuel Navarro and others committed burglary in the second degree of a residential structure belonging to or occupied by a victim in violation of ARS Sections 13-1507, et cetera. But they certainly didn't cite in that string of statutory citations the definition Section 13-1501. In the plea agreement, too, the echo, Mr. Navarro accepted a plea, signed a plea and pled guilty to an agreement that echoes the same language of the indictment, that he committed burglary in the second degree of a residential structure. So there is not a necessity under the Arizona burglary statute, 13-1507, to plead what type of structure it is, nor for a jury to unanimously find that, in fact, it is a permanent, unmovable structure to wit, like a house, and it can be a rec, recreational vehicle. Well, our task is to ask whether or not it's divisible, and it seems that that first part, I mean, it does strike me as, at least at that level, it may well be divisible. Well, it's But there's another part of the statute that causes some problems. And what part is that? Intent. Well, the intent of Arizona, they're kind of silent, not silent, but it sort of dances around the question of to what degree this court or a court of review or a trial court can use the interpretation by the State courts of what a statute means. Well, just let me ask you this. What's the definition of generic burglary? Generic burglary is entering or remaining unlawful in a residential structure with the intent to commit a crime therein. That's after a felony. Under the Shepard definition of generic burglary. But in this case, it encompasses much, much more than what that generic definition is, without being divisible. To show the distinction between divisibility and over breadth, I copied a couple of statutes that are clearly divisible. For example, the Arizona aggravated assault, which lists, oh, some 13 different ways that one can commit an aggravated assault with different levels of felonies depending on how it's done and who the victim is and whether a weapon is used, whether injury results from an aggravated assault. That's truly a divisible statute where a prosecutor would have to allege what subsection of that statute a person is accused of. And then a prosecutor would have to prove that beyond a reasonable doubt. And the jury instruction would, in fact, show that they would have to find, you know, with a deadly weapon or cause substantial or serious injury or the victim was a law enforcement officer or a teacher or even a prosecutor is listed in there. But the jury, the recommended Arizona jury instruction for burglary in the second degree doesn't ask a jury to find any of that. It merely states the crime of burglary in the second degree requires proof that the defendant, one, entered or remained unlawfully in or on a residential structure and, two, did so with the intent to commit any theft or felony therein. And I raise my finger on the word on because that's something that's not in generic burglary either. In the Arizona statute, although I've never seen a case interpreting it, if someone went on the roof to steal an old TV antenna, that would be on a residential structure. If someone was on the roof of a recreation room. Breyer. So under DeCamps, if we conclude that this is not a divisible statute, then you prevail. Is that correct? My client prevails. Your client prevails. Yes, Your Honor. Correct. And if we conclude that it is divisible? Well, then it would – I believe that calling it – bringing in the grand jury transcript as part of the government's proof here cannot be countenance, cannot be allowed. We have a grand jury transcript that would be – They stipulated, didn't they, that the – that the time of his plea in front of the State court judge, they stipulated that the grand jury transcript could be used to determine the factual basis for his plea? In the Pima County Superior Court, we have contracts of adhesion as plea agreements. They're standard agreements. Every plea agreement contains a language that says, In addition to the factual basis and mens rea provided by the defendant, the grand jury or preliminary hearing transcript is hereby expressly incorporated within the factual basis required by this agreement. It does say that. There's no stipulation where Mr. Navarro stood up and said, yes, Judge, I've read that. Didn't the judge ask him if he read the plea agreement and he agreed with it? Yes. And do you agree with it? And what did he say? He said, yes. Do you want to save the rest of your time for rebuttal? Sure. Thank you. May it please the Court. Erica Sager on behalf of the District of Arizona. The Arizona burglary statute in this case is a divisible statute, and therefore this Court can conduct. Explain to me how it's divisible. Your Honor, it's divisible in two ways. It's divisible first with regard to whether or not the – it's divisible because it can be committed first by entering a residential structure with the intent to commit a crime or by remaining unlawfully in a residential structure with the intent to commit a crime. And then it's further divisible because the definition of residential structure under Arizona revised statute 13-1501 provides multiple alternatives in that it can – the structure can be movable or immovable, permanent or temporary. And so it's divisible in two ways. And so the Court would need to conduct a modified categorical analysis for both of those parts of the statute to determine how the defendant or under which theory the defendant was actually convicted. Well, Ms. Sager, how does the – how do the facts of this case fall within that framework in your view? Well, Your Honor, first of all, with regard to the first part of the statute, it's clear from the judicial noticeable documents that were submitted that the defendant entered the structure with the intent to commit the crime. The change of plea transcript in combination with the grand jury transcript both indicate that the defendant was, with his co-defendants, driving around a neighborhood looking for a house to break into. It's very clear that he, again, climbed in through a window or I think the defense counsel said they opened a back door to a place that they were not permitted to be in. So when you look at the judicially noticeable documents in this case, it's clear that the defendant was convicted of entering the house with the intent to commit a crime. With regard to the divisibility of the term residential structure, again, throughout the change of plea transcript as well as the other judicially noticeable documents, specifically the grand jury transcript, the structure is referred to as a house or a home. And it's talked about, again, that it was in a neighborhood and that the defendant and the co-defendants were driving around looking for somewhere to break into in order, I think, to steal some things to get some money. But that is relevant to the Court's determination. So when the – I guess when the Arizona court – I guess it was the Arizona supreme court took a look at this statute to determine whether or not one could form the intent to commit an unlawful act after entering, they interpreted the statute to permit that. So doesn't that – I mean, that was more of an interpretation of the statute rather than identifying elements of the statute. Your Honor, what it – it appeared to have been a clarification of the elements of the statute. When you look at the statute itself, it says that a person commits burglary by entering or remaining unlawfully. So clearly, if you enter with the intent to commit a crime, that would be one way of entering the statute. But if you have a privileged entry in that you're allowed to go into this residential structure and then you remain unlawfully, at that point, that you remaining unlawfully would be because you developed the intent to commit the crime. So the statute itself takes into account both possibilities, whether you enter unlawfully or you remain unlawfully. And so the Arizona supreme court was clarifying that that intent can be formed after entry in that you would then, at that point, be remaining unlawfully in the structure if you had a privileged entry, for example. So how does that match up with generic burglary? Well, Your Honor, the definition of generic burglary is an unlawful or unprivileged entry into or remaining in. And it would be the – like I said earlier, there are two ways of looking at the statute that are being divisible. And so, one, the entering with the intent to commit a crime would meet the generic definition of burglary. The second, where you enter, have a privileged entry, and then develop the intent to commit a crime would not meet the generic definition of burglary. So the prosecutor could have charged it that way? Yes. The prosecutor could have charged it that way. And how did the jury instructions in Arizona match up with this approach? I believe the jury instructions provide an alternative, but I'm not 100 percent sure. Okay. So because, again, because there's two different ways that the intent can be developed, whether it's before or after entry, the jury would necessarily have to find either that the intent was formed before entry or after entry, and that the defendant at that point would be remaining unlawfully. So your point is, if I understand it, because you believe this is a divisible statute, we can then look back at what occurred here. That's what you're saying. Well, actually, I think under DeCamp, the Supreme Court said that it really doesn't matter what actually happened. What matters is which alternative the defendant was convicted under. So how do we know that? Well, you would know that by looking at the documents to figure out which alternative applies. That's what I just said. But the facts of what the defendant, the facts in that whether the defendant was Oh, I understand that. So the facts But you would have to look back at the documents. You absolutely would. But the facts of what actually occurred aren't as important anymore as in comparison to which provision or which part of the statute the defendant was convicted under. Okay. Okay. Because the Arizona burglary statute is divisible, this Court can uphold and should uphold the 16-level enhancement. Okay. Rebuttal. This Court has held before that the Arizona burglary statute is not generic burglary. In the United States v. Bonat, in the United States v. Terrell, it's held that this is not generic burglary. Well, what we said was that it was categorical. It was not categorically generic burglary. That's what we said. So. Which is different. We didn't say it wasn't divisible. No. Well, you did mention that it was overbroad in one case, but that was before this case. Because it was overbroad, we said it couldn't match up with generic burglary. But. So then DeKalb comes along and tells us the key thing is you have to look to determine if the statute is not divisible and it's overbroad, that ends the analysis. If it's divisible, then you can use the Taylor approach, the modified categorical approach, and look at a certain set of documents to determine, to see whether, in fact, you pled to the generic definition of burglary. Correct. To not emphasize that it's an element-based inquiry and not a generic. Yes. I mean, I agree with you. DeKalb makes that clear, that it's an element-based approach. And it's simply the elements aren't there. So don't we don't just – I mean, Ms. Zegar doesn't disagree with you there. That's what we just discussed. So doesn't this bring us exactly right back to where Judge Paez started this whole conversation? We look at the statute? Yes. And is it divisible? And he asked about the Arizona – recommended Arizona jury instructions. And there are instructions both for the definition of a residential structure and the definition of structure. Both of which echo the statute. Residential structure means any structure movable or immovable, permanent or temporary, adapted for both human residence and lodging, whether occupied or not. And structure means any vending machine. Okay. I mean, it goes on. But this is how the jury is instructed. And there are asked only to find if it's a residential structure, and there is no requirement. Well, you know, for purposes of DeKalb's, we look to the statute. And the statute here is overbroad and not divisible and is not traditionally divided. Thank you. All right. Thank you very much. We appreciate your arguments and matters submitted.
judges: Ezra, Gould, Paez